UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYA SANGER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AHE AHN, et al., <br><br> Defendants. | Case No. 18-cv-07204-JCS <br><br> **ORDER REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. No. 19 |

## I. INTRODUCTION

This is a dispute regarding a multifamily residential building that Plaintiffs Priya Sanger and Michael Sanger own as a tenancy-in-common with non-party Leah Ahn, among others. The Sangers brought this action against Defendants Ahe Ahn and Lance Ahn in state court under California's Uniform Voidable Transactions Act ("UVTA") seeking to void a deed of trust on behalf of Ahe Ahn encumbering Leah Ahn's interest in the tenancy-in-common. Defendants now move for judgment on the pleadings, and the Court held a hearing on March 15, 2019. For the reasons discussed below, the motion is DENIED in part and GRANTED in part with leave to amend no later than March 29, 2019.

## II. BACKGROUND

The Sangers initiated this action by filing a complaint against Ahe Ahn in state court on March 17, 2017, bringing a single claim under the UVTA, as codified at sections 3439.04 and 3439.07 of the California Civil Code. Artiga-Purcell Removal Decl. (dkt. 1-1) ¶ 2 & Ex. A (Compl.). The complaint alleges that "some months after" the Sangers obtained a judgment against Leah Ahn requiring her to pay damages and to pay her share of mortgage payments going forward, Leah Ahn encumbered the property with a deed of trust in favor of Ahe Ahn, unbeknownst to the Sangers. Compl. ¶ 15. The Sangers assert that Leah Ahn conveyed the deed

of trust to Ahe Ahn "with the actual intent to hinder, delay and defraud the Sangers," *id.* ¶ 30, as purportedly evidenced by, among other factors: (1) Leah Ahn's inaccurate testimony at a debtor's examination that she was not aware of deeds of trust on the property other than the joint mortgage, *id.* ¶¶ 18–19; (2) Leah Ahn's insolvency, *id.* ¶¶ 18, 27; (3) multiple lawsuits involving Leah Ahn, such that she should have believed she would incur debts she was unable to pay, *id.* ¶ 22; (4) Leah Ahn's retention of custody and control of the property, *id.* ¶ 23; (5) the fact that the deed of trust was conveyed to a close family member, *id.* ¶ 24; (6) the Sangers' belief that the deed of trust served to transfer "substantially all of Leah Ahn's assets," *id.* ¶ 25; (7) the timing of the deed of trust, *id.* ¶ 26; and (8) the Sangers' belief that Leah Ahn did not receive equivalent value for the deed of trust, *id.* ¶ 28. On October 26, 2018, the Sangers amended their complaint to name Lance Ahn as an additional defendant. Artiga-Purcell Removal Decl. ¶ 3 & Ex. A.[1]

Defendants removed to this Court, and the Sangers moved for a preliminary injunction barring Defendants from foreclosing on the property, which the Court granted. *See* Order Granting Prelim. Inj. (dkt. 20).[2] That order includes a detailed summary of facts subject to judicial notice, which the Court may also consider on the present motion, as well as other evidence, which the Court may not consider here. *See id.* at 1–9. Some of the relevant facts subject to judicial notice are as follows.

On March 12, 2012, the Sangers obtained a judgment against Leah Ahn totaling $72,870.57 in the California Superior Court for the County of San Francisco. Defs.' Request for Judicial Notice ("Defs.' RJN," dkt. 19-1) Ex. A. The Sangers recorded an abstract of judgment in the same amount on May 16, 2012. *Id.* Ex. B. Ahe Ahn recorded her deed of trust on March 18,

---

[1] Defendants refer in their briefs to a "First Amended Complaint," which, because Defendants in multiple instances cite incorrect paragraph numbers for the passages they quote, the Court initially understood as perhaps referring to a document not in the record. *See, e.g.*, Mot. at 18 (citing "FAC, ¶ 26" for text in fact appearing at ¶ 24, "¶ 21" for text at ¶ 19, "¶ 30" for text at ¶ 28, "¶ 29" for text at ¶ 27, at "¶ 17" for an allegation regarding Lance Ahn that does not appear in the complaint); Reply at 11 (citing "FAC ¶ 32" for text appearing at ¶ 30). At the hearing, both parties confirmed that the operative complaint is the original complaint as amended by the notice to add Lance Ahn in place of Doe #1, and defense counsel confirmed that citations to the "First Amended Complaint" are intended to refer to that document.

[2] *Sanger v. Ahn*, No. 18-cv-07204-JCS, 2019 WL 174976 (N.D. Cal. Jan. 11, 2019). Citations herein to the Court's previous order refer to page numbers of the version filed in the Court's ECF docket.

2013.  On January 13, 2014, after a hearing on an order to show cause, the Superior Court issued an order for sale of the property to satisfy the Sangers' judgment.  *Id.* Ex. I.  Over the course of the following months and years, the Sangers repeatedly succeeding in amending the judgment to account for additional delinquencies and attorneys' fees.  Pls.' RJN (dkt. 24) Exs. J–N.

Leah Ahn filed a petition for bankruptcy on June 9, 2014.  Defs.' RJN Ex. E.  The Sangers allege, and Defendants do not dispute, that this bankruptcy prevented a sale of the property pursuant to the state court's order.  Compl. ¶ 21.  Leah Ahn's bankruptcy was discharged on September 16, 2014.  Defs.' RJN Ex. F.

On July 17, 2015, Leah Ahn delivered a check from Ahe Ahn for $131,098.05 to the Sangers' lawyer, purportedly in satisfaction of the entire judgment against her at that time.  Defs.' RJN Ex. G.[3]

On August 21, 2017, after Leah Ahn's bankruptcy had been reopened, the Bankruptcy Court issued an order granting Leah Ahn summary judgment on an argument that the Sangers' abstract of judgment failed to create a valid lien because the Sangers failed to include their names and address in a space on the abstract calling for that information, and entered judgment accordingly.  Defs.' RJN Exs. H, J.  Judge Tigar, of this Court, affirmed the Bankruptcy Court's decision, and the Sangers have appealed to the Ninth Circuit.  *See* Pls.' RJN Ex. I.

### III. ANALYSIS

#### A. Legal Standard for Motions Under Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted).  Generally, a plaintiff's burden at the

---

[3] It is not clear that this payment is subject to judicial notice, despite a copy of the check appearing in other judicial proceedings.  The payment is not relevant to the outcome of the present motion, and the Court assumes for the sake of argument that it is subject to notice

3

pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In ruling on a motion under Rule 12(c), the Court must accept all factual allegations in the complaint as true and view them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Dismissal at the pleading stage may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B.    Legal Standard for Claims Under the UVTA**

The Sangers seek to void the deed of trust pursuant to California Civil Code section 3439.04, which governs transactions voidable by present or future creditors. Compl. ¶ 31. The Sangers do not rely on the test of section 3439.05, which only applies to creditors whose claims arose before the transactions or obligation sought to be voided.

"There are two theories under which a [creditor] may proceed under [section 3439.04]: actual fraud or constructive fraud." *Donell v. Kowell*, 533 F.3d 762, 770 (9th Cir. 2008) (applying California law). Under the former theory, a plaintiff must show "actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. Code § 3439.04(a)(1). The statute provides a number of non-exclusive factors may be considered in assessing intent:

4

> (1) Whether the transfer or obligation was to an insider.
>
> (2) Whether the debtor retained possession or control of the property transferred after the transfer.
>
> (3) Whether the transfer or obligation was disclosed or concealed.
>
> (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
>
> (5) Whether the transfer was of substantially all the debtor's assets.
>
> (6) Whether the debtor absconded.
>
> (7) Whether the debtor removed or concealed assets.
>
> (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
>
> (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
>
> (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.
>
> (11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b). "A debtor is insolvent if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets," and is presumed to be insolvent if the debtor "is generally not paying the debtor's debts as they become due other than as a result of a bona fide dispute." Cal. Civ. Code § 3439.02(a)–(b).

As an alternative to showing actual intent to hinder, delay, or defraud, a plaintiff may also prevail on a theory of constructive fraud by showing that the debtor transferred property or incurred an obligation "[w]ithout receiving equivalent value in exchange" *and* at least one of the following: either the debtor "[w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction," or the debtor "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Cal. Civ. Code § 3439.04(a)(2). The statute defines "value" as follows:

5

> Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

Cal. Civ. Code § 3439.03.

A creditor may bring "an action for relief against a transfer or obligation" that meets one of the tests above, for remedies including but not limited to "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim" and, subject to principles of equity and applicable rules of procedure, "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property of the transferee." Cal. Civ. Code § 3439.07(a). California authority indicates that an alleged fraudulent transferor is not a necessary party in an action against a transferee to void the transfer. *Liuzza v. Bell*, 40 Cal. App. 2d 417, 425 (1940) (citing *Blanc v. Paymaster Mining Co.*, 95 Cal. 524 (1892)).

### C. Proceedings in State Court

Before the addition of Lance Ahn as a defendant and Defendants' removal to this Court, Ahe Ahn brought a motion for judgment on the pleadings raising two of the same arguments that Defendants raise here: that the Sangers were not injured by the deed of trust at the time of the transfer, and that judicial estoppel applies based on the Superior Court's order authorizing a sale. Pls.' RJN Ex. A. The Superior Court issued a tentative ruling denying the motion, Ahe Ahn contested that tentative ruling only as to estoppel, and the Superior Court rejected Ahe Ahn's argument, holding that the Sangers had not taken inconsistent positions. *Id.* Exs. B–D. Defendants' present motion before this Court inexplicably fails to disclose the previous motion or the state court's order.[4]

---

[4] Defendants also did not disclose these documents in their notice of removal, despite the requirement of 28 U.S.C. § 1446(a) that removing defendants must file "a copy of all process, pleadings, and orders served upon such defendant or defendants in [the state court] action." That omission appears to have been based on the premise that the nominally removing defendant, Lance Ahn, had not been a party at the time the state court decided Ahe Ahn's motion, even though both Defendants are represented by the same counsel and Ahe Ahn consented to Lance Ahn's removal. No party raised the issue of § 1446 and the Court declines to address sua sponte whether that omission violated the statute. In any future removal to this Court, however, defense counsel is expected to file with the notice of removal copies of *all* orders issued in the case by the state court before removal.

6

United States District Court
Northern District of California

The Sangers argue that, with respect to Ahe Ahn, the present motion is an improper motion for reconsideration filed without leave of the Court. Opp'n (dkt. 22) at 2–3. Defendants respond first that the motion is proper because Ahe Ahn's previous motion was filed before the Sangers amended their complaint. Reply (dkt. 28) at 2. The "amendment" at issue was a one-page notice that the Sangers had discovered the name of "Doe #1" and thereby replaced "Doe #1" with "Lance Ahn"; it did not change the substance of the Sangers' allegations and had no bearing on the issues addressed in the motion for judgment on the pleadings. *See* Artiga-Purcell Removal Decl. Ex. A. Next, Defendants argue that courts have discretion to address subsequent motions for judgment on the pleadings, citing a decision by Judge Conti allowing a second motion raising a choice of law argument not addressed on the first motion. Reply at 2–3 (citing *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1034 (N.D. Cal. 2012)). Here, Defendants' arguments regarding injury and estoppel were squarely raised before the state court. *See* Pls.' RJN Ex. A. Finally, Defendants argue that Ahe "Ahn's state court motion could not have raised objections on federal grounds." Reply at 3. That argument is not persuasive because Defendants' *current* motion raises no arguments specific to a federal forum in the context of injury or estoppel, the two issues addressed by the previous motion.[5] As to those two issues, to the extent that the present motion is brought by Ahe Ahn, it is an improper motion for reconsideration.

### D. Ahe Ahn's Partial Payment of Leah Ahn's Debt Is Irrelevant

A section of Defendants' motion argues that Ahe "Ahn's payment of the judgment underscores the maliciousness of the Sangers' fraud claim." Mot. (dkt. 19) at 11. There is no dispute that Ahe Ahn paid only a portion of Leah Ahn's debt to the Sangers (although the parties may dispute whether the payment covered the entirety of the Sangers' judgment at that time or whether Ahe Ahn believed that it did). Defendants do not assert that Ahe Ahn's payment nullifies any claim of injury. Instead, Defendants argue that it weighs against a conclusion that Defendants intended to defraud the Sangers. *See id.*; Reply at 9–10. Such inferences are an argument for trial,

---

[5] While California courts apply a slightly different set of factors to judicial estoppel than federal courts, the differences are not material to Defendants' arguments, and the factor on which the state court relied—whether the Sangers took inconsistent positions—appears in both tests.

7

1  not for motions at the pleading stage.

**E. The Sangers Have Alleged Injury**

To bring a claim under the UVTA, a creditor must affirmatively show prejudice as a result of the challenged transfer. *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75, 80 (2001). The transfer must cause "property [the plaintiff] otherwise would be able to subject to the payment of [the plaintiff's] debt" to be placed "beyond [the plaintiff's] reach." *Id.* (citation and internal quotation marks omitted). Defendants' primary argument—implicit in their motion and more clearly stated in their reply—is that even if Ahe Ahn's lien currently prevents the Sangers from reaching the property, it did not do so at the time of the transfer, as evidenced by the Sanger's ability to obtain an order for a judgment sale. Defendants argue that even though Leah Ahn's bankruptcy prevented the Sangers from completing that sale, the order authorizing it demonstrates that Ahe Ahn's lien did not prevent the Sangers from reaching the property at the time of the transfer.

Defendants cite a district court decision for the proposition that "[f]uture injury has been rejected as the affirmative 'injury' required to state a claim under the UVTA." Reply at 1 (citing *Smith v. United States*, 2007 U.S. Dist. LEXIS 67499, No. C 06-06103 WHA, at *6–7 (N.D. Cal. Sept. 4, 2007)). Although *Smith* includes the statement that a "fraudulent conveyance theory looks at the conditions at the time of the conveyance," nothing in that decision relates to facts arising after the date of conveyance. *See Smith*, 2007 U.S. Dist. LEXIS 67499, at *7. Moreover, the California Supreme Court decision on which *Smith* relies says nothing about conditions at the time of conveyance, and instead recognizes that a claim may lie "'whether the creditor's claim arose before or after the transfer,'" suggesting that at least some circumstances occurring after the transfer—e.g., a creditor's claim arising—may be relevant to a UVTA claim. *Kirkeby v. Superior Court*, 33 Cal. 4th 642, 648 (2004) (quoting *Cortez v. Vogt*, 52 Cal. App. 4th 917, 928 (1997)). Another case cited by Defendants for this point, *see* Reply at 1, decided by a California appellate court in 1947, discusses sufficiency of consideration and the doctrine laches (the latter only in passing, as it was not properly before the court), with no mention of obstacles to collection arising after a transfer. *See Busick v. Mandeville*, 80 Cal. App. 2d 853, 856 (1947). Defendants also cite a 1939 decision by the Ninth Circuit, which comes closer to Defendants' position, holding that

8

creditors were not injured "[w]hen the assignment [of a life insurance policy] was made" because the policy had no cash surrender value at that time. *Union Cent. Life Ins. Co. v. Flicker*, 101 F.2d 857, 862 (9th Cir. 1939); *see* Reply at 4.

The Court need not resolve the question of whether "injury" within the meaning of the UVTA can occur where a plaintiff's inability to reach assets is caused in part by circumstances arising after the date of the challenged transfer. Here—assuming that the Bankruptcy Court's ruling is not reversed by the Ninth Circuit—the defect in the Sangers' original lien arose not when the Bankruptcy Court recognized that flaw in 2017, but when the Sangers first recorded an inadequate abstract of judgment in 2012. If, as the Bankruptcy Court held, the Sangers' abstract of judgment did not create a valid lien, then the Sangers never had a lien senior to Ahe Ahn's deed of trust, and the abstract of judgment does not negate any injury caused by the deed of trust. Defendants' motion for judgment on that basis is DENIED. *See* Order Granting Prelim. Inj. at 13–14 & n.10 (rejecting similar arguments raised in opposition to the Sangers' motion for a preliminary injunction).

### F.  Judicial Estoppel Does Not Bar the Sangers' Claim

Defendants argue that the Sangers should be estopped from bringing their current claim, which rests on the premise that Ahe Ahn's deed of trust placed property beyond their reach, because in obtaining the order authorizing a sale, they successfully persuaded the Superior Court that the deed was junior to their judgment lien. Mot. at 12–16.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Federal courts "*may* consider" three factors: whether a party took "clearly inconsistent" positions; whether the party succeeded in persuading the first court of its earlier position; and "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 782–83 (9th Cir. 2001) (quoting *New Hampshire v. Maine*, 532 U.S. 742 (2001)) (internal quotation marks omitted). These factors are not exclusive and should be applied flexibly. *Id.* at 783.

Here, although the parties and the state court have focused on the issue of inconsistent positions, this Court finds the factor of unfair advantage to be most relevant to the case at hand. Despite successfully asserting that their judgment lien was senior to the deed of trust, and successfully obtaining an order authorizing a sale, the Sangers never benefited from that order because Leah Ahn's bankruptcy prevented the sale, and because the Bankruptcy Court's order invalidating their abstract of judgment prevented a sale at a later date. Accepting Defendants' position on estoppel would place the Sangers in a trap, with the Superior Court's decision preventing them from proceeding on any theory that relied on the abstract being invalid, while the Bankruptcy Court's decision likely bars any theory that depends on the abstract's validity. Such a result would not serve the principles of equity on which the doctrine of judicial estoppel is founded. Defendants' motion for judgment based on that doctrine is DENIED.

### G. The Sangers Have Not Stated a Claim Against Lance Ahn

The UVTA provides for a monetary judgment against "[t]he first transferee of the asset or the person for whose benefit the transfer was made," or, in some circumstances, an "immediate or mediate transferee of the first transferee." Cal. Civ. Code § 3439.08(b)(1). The Sangers have not alleged that Lance Ahn is a transferee or beneficiary here. Instead, the Sangers argue that, because "'a claim under the [UVTA] in fact involves tortious conduct,'" Lance Ahn can be held liable as a coconspirator. Opp'n at 13–15 (quoting *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 837 (2005)). As the Sangers correctly note, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration," and thereby "incur[] tort liability co-equal with the immediate tortfeasors." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994); *see* Opp'n at 14.

In *Filip*, a husband and wife, who divorced during the course of the events at issue, conspired to transfer assets such that a judgment creditor of the husband could not reach them. *See* 129 Cal. App. 4th at 830–32. The trial court determined that the husband, wife, and others engaged in a conspiracy, and entered judgment against all of them. *Id.* at 832. The appellate court affirmed, holding that the trial court properly found a conspiracy, although the "conspiracy

10

allegations served [only] to bolster and explain plaintiff's claims under the UFTA"[6] and "has no effect on the judgment [because] the transfers were fraudulent and plaintiff was entitled to relief." *Id.* at 837. The Sangers argue that *Filip* supports their position because that court held that the wife could be held liable as an active participant in the conspiracy, Opp'n at 14, while Defendants correctly note that the wife was also a beneficiary of the transfer and thus falls within the scope of section 3439.08(b)(1), *see* Reply at 14–15. Neither party addresses the fact that the *husband* was also held liable as a defendant in *Filip*, despite having been the transferor rather than a transferee or beneficiary, or that the *Filip* court relied in part on "a critical statutory provision" authorizing "'[a]ny other relief the circumstances may require.'" 129 Cal. App. 4th at 839–40 (quoting Cal. Civ. Code § 3439.07(a)(3)(C)).

Defendants present no real argument why the doctrine of conspiracy should not apply in the context of the UVTA, relying entirely on a case that recites the language of section 3439.08(b)(1) and holds that the son of a debtor could not be held liable under the UVTA after his father used funds from defaulted loans to pay the son's college tuition, because the son was not a "beneficiary" within the meaning of the statute. *See* Reply at 14–15 (citing *Lo v. Lee*, 24 Cal. App. 5th 1065 (2018)). Nothing in *Lo* suggests that the son was an active participant in any fraud, and the court therefore had no occasion to consider whether a non-beneficiary could be held liable as a conspirator. *See generally Lo*, 24 Cal. App. 5th 1065.

Taking into account the general rule that one who conspires with a tortfeasor can share liability, *Applied Equip.*, 7 Cal. 4th at 510–11, the UVTA's broad authority to award "[a]ny other relief the circumstances may require," Cal. Civ. Code § 3439.07(a)(3)(C), the *Filip* court's discussion of conspiracy in the context of the UVTA's substantially similar predecessor statute, 129 Cal. App. 4th at 837, and the lack of authority to the contrary, the Court holds that the Sangers may bring a claim against Lance Ahn if they can show that he conspired to violate the UVTA, even if he was not himself a transferee or beneficiary.

The Sangers' current complaint, however, does not state such a claim. It includes no

---

[6] The *Filip* court refers here to the predecessor statute to the UVTA, which neither party suggests was materially different with respect to the issues raised in the present motion.

reference to Lance Ahn except for the amendment to replace his name for a Doe defendant, whose involvement is not described in either the complaint or the amendment. *See* Compl. ¶ 3. The Sangers do not dispute that their claim is subject to Rule 9(b) of the Federal Rules of Civil Procedure, which sets a heightened pleading standard for claims based on fraud. *See* Opp'n at 15–16. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has held that in order to meet this standard, a "complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also McMaster v. United States*, 731 F.3d 881, 897 (9th Cir. 2013). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (ellipsis in original).

Although the Sangers allegations include sufficient factual allegations to state a claim against Ahe Ahn as a transferee—including "dates, places, benefits received, and other details" relevant to *Leah* Ahn's purported fraudulent intent as *transferor*—they do not meet this standard with respect to Lance Ahn as a conspirator. *See Neubronner*, 6 F.3d at 672. If the Sangers wish to pursue their claim against Lance Ahn, they may file an amended complaint no later than April 5, 2019. Any such complaint must include detailed factual allegations regarding Lance Ahn's alleged involvement in the purportedly fraudulent transfer, sufficient to support an inference that Lance Ahn "share[d] with the immediate tortfeasors a common plan or design in its perpetration." *See Applied Equip.*, 7 Cal. 4th at 511.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons discussed above, Defendants' motion is DENIED with respect to the Sangers' claim against Ahe Ahn, but GRANTED as to their claim against Lance Ahn, with leave to amend. The Sangers may file an amended complaint no later than March 29, 2019.

**IT IS SO ORDERED.**

Dated: March 15, 2019

JOSEPH C. SPERO
Chief Magistrate Judge