UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYA SANGER, et al., <br>     Plaintiffs, <br> v. <br> AHE AHN, et al., <br>     Defendants. | Case No. 18-cv-07204-JCS <br><br> **ORDER DENYING MOTION FOR RELIEF FROM SCHEDULING ORDER, MOTION TO AMEND, AND MOTION TO STRIKE JURY DEMAND** <br><br> Re: Dkt. No. 54 |

## I. INTRODUCTION

Plaintiffs Priya Sanger and Michael Sanger move for leave to file an amended complaint after the deadline set by a scheduling order. The Sangers' sole existing claim is under California's codification of the Uniform Voidable Transactions Act. The Sangers seek to add allegations on information and belief that Defendant Ahe Ahn (rather than her daughter, non-party Leah Ahn) owns the real property in dispute and add a quiet title claim on based on those allegations, and to remove all allegations and claims against Defendant Lance Ahn, as well as the Sangers' claim for money damages. Based on the proposed removal of their claim for damages, the Sangers seek to strike the Ahns' jury demand. The Ahns contend that the Sangers' proposed amendment is untimely, not brought diligently, prejudicial, and brought in bad faith.

The Court held a hearing on September 13, 2019. Because the Sangers did not act diligently, the motion for relief from the scheduling order is DENIED. Without such relief, the proposed amendment is untimely, and is also DENIED, although the Sangers may voluntarily dismiss their claim against Lance Ahn and their prayer for damages if they so choose. At this time, however, the request for damages remains in the complaint, and the motion to strike the Ahns' jury demand is therefore DENIED, without prejudice to the Sangers renewing that motion

after the Court resolves the Ahns' pending motion for summary judgment.[1]

## II. BACKGROUND

The proposed amendment is based on Ahe Ahn's testimony at her deposition, which took place on July 10, 2019. The Sangers contend that until this testimony, they lacked a sufficient basis to allege that Ahe Ahn owned the property:

> Q: Did Leah Ahn pay any part of the down payment for the Lombard property?
>
> A: No. It's all my money.
>
> Q: Has she paid any of the mortgage payments with her own money?
>
> A: No.
>
> Q: You made all the mortgage payments for her?
>
> A: Yes.
>
> Q: From 2004 to present?
>
> A: Yes.
>
> Q: So all the money she spent on the Lombard property has been your money?
>
> A: Yes, it's mine.
>
> Q: She hasn't paid anything as far as you know?
>
> A: No.

Utrecht Decl. Ex. D (Ahe Ahn Dep.) at 47:3–19.

> Q: Were you intending to become an owner of the Lombard property yourself when you sent the money?
>
> A: Owner? Yeah, maybe.

*Id.* at 53:3–6.

> Q: Did you and Leah ever have an agreement that you would get all of the profits on her unit if it was sold?
>
> A: Not in that specific terms, but the unit itself is mine. So it's supposed to -- I'm the -- supposed to get everything.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

2

*Id.* at 198:12–17. According to the Sangers, this testimony supports a new argument that Ahe Ahn's purported lien on the property was extinguished by merger as a result of her also holding title to the property, regardless of whether any transfer was voidable under the UVTA.

The scheduling order in this case provided that the last day to seek leave to amend pleadings would be May 15, 2019—two weeks later than the May 1, 2019 date initially proposed by the parties. Case Mgmt. & Pretrial Order (dkt. 40) at 1; Joint Initial Case Mgmt. Statement (dkt. 35) § 5. The deadline to complete non-expert discovery is October 31, 2019. *Id.* § II.B. The deadline to hear dispositive motions and motions to exclude expert testimony is January 24, 2020, with rules for briefing schedules that would likely require those motions to be filed no later than December 6, 2019, and each party . *See id.* § III. A jury trial of no more than five days is set to begin on May 4, 2020. *Id.* § I. The Ahns elected to file their summary judgment motion early, on July 29, 2019, noticed for a hearing on October 11, 2019. *See* Mot. for Summary J. (dkt. 53). That motion has not yet been heard or decided.

The initial case management conference occurred on March 15, 2019. Plaintiffs' counsel initiated efforts to take Ahe Ahn's deposition by asking defense counsel on March 28, 2019 for available dates. Hurwitz Decl. ¶ 5. In response to that initial request and subsequent requests over the following months, defense counsel repeatedly either stated his intent to respond soon but did not do so, or failed to respond at all. *Id.* ¶¶ 5–8. The deposition did not occur until July 10, 2019. *See* Utrecht Decl. Ex. D. The Ahns' opposition brief and supporting declarations do not dispute that the Ahns and their counsel were responsible for the delay in Ahe Ahn's deposition taking place.[2] The Sangers brought their present motion on August 2, 2019, soon after receiving the transcript of Ahe Ahn's deposition, and the Ahns do not argue that the delay between the deposition and filing the motion was unreasonable. *See* Opp'n at 14.

**III.   ANALYSIS**

    **A.   Legal Standard**

Deviations from scheduling orders are governed by Rule 16 of the Federal Rules of Civil

---

[2] There also appears to have been a delay in the Ahns' production of potentially relevant documents, through no fault of the Sangers.

Procedure, which provides that such orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has established a standard for such modification that focuses on the diligence of the party seeking relief from a deadline:

> Unlike Rule 15(a)'s liberal amendment policy . . . , Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). Courts look to a party's diligence not only in complying with the scheduling order after it has been issued, but also "in creating a workable Rule 16 scheduling order," as well as "in seeking amendment of the Rule 16 order, once it became apparent that [the party] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

### B. The Sangers Did Not Act Diligently

If the Sangers had no reason to think that Ahe Ahn's testimony might provide a basis for amendment, they could perhaps be forgiven for failing to take more assertive action either to ensure that the deposition occurred before the May 15, 2019 deadline to amend pleadings, or to extend that deadline long enough to allow the deposition to occur before it expired. There is ample evidence, however, that the Sangers had reason to believe that such testimony was at least a possibility.

In a March 27, 2017 brief seeking Ahe Ahn's deposition in an arbitration proceeding, the Sangers—represented by the same counsel as in this case—argued that Ahe Ahn's testimony would be relevant to determine whether she owned the property at issue, and thus whether the same theory of merger they now propose to assert in their amended complaint would be viable:

> . . . Leah Ahn has also said that she and her mother purchased the Property together. Leah Ahn has been inconsistent in stating who owns the Property – whether she owns it jointly with Ahe Ahn or whether she owns it alone. Getting Ahe Ahn's testimony will be helpful to the Sangers to understand what the ownership structure of

4

> Leah Ahn's interest in the Property is, because if Ahe Ahn is a [sic] undisclosed principal with Leah Ahn as her agent, then Ahe Ahn's Deed of Trust merged with her ownership interest.

Leah Ahn Decl. Ex. A at 6. The Sangers ultimately were not able to take Ahe Ahn's deposition in the course of the arbitration. The Sangers also alleged in their operative first amended complaint, filed March 29, 2019, that Ahe Ahn may have provided funds to Leah Ahn with the intent of taking an unrecorded ownership interest in the property:

> Based on testimony given by Leah Ahn in a deposition and at arbitration, the Sangers are informed and believe, and on that basis allege, that at the time of Leah Ahn's purchase of her interest in the Property, Defendant Ahe intended the $124,000 was either for an unrecorded ownership interest of Ahe, or it was a gift or an unsecured loan to Leah Ahn.

1st Am. Comp. ¶ 28.

The Sangers contend that they had good reason to question Leah Ahn's credibility and not to rely on her inconsistent statements regarding ownership of the property, and thus lacked a good faith basis to allege that Ahe Ahn owned the property until they took Ahe Ahn's deposition. The Court need not reach that question. It is enough that the Sangers understood that Ahe Ahn's deposition might result in such evidence.

The 2017 arbitration brief makes clear that the Sangers believed Ahe Ahn's deposition testimony might disclose an ownership interest sufficient to support a theory of merger. The Sangers argued in that brief that such a possibility was one reason why the deposition was necessary. The Sangers' first amended complaint makes clear that they still believed at the time that they were pursuing Ahe Ahn's deposition in this case that she might have sought to obtain an ownership interest. Under these circumstances, there is reason to question the Sangers' assertions that they neither "believe[d] they would find any evidence to support" their ownership and merger theory nor "expect[ed] that Defendant Ahe [Ahn] would admit to being an owner in her deposition." *Cf.* Reply at 3, 11. At the very least, the Sangers recognized a distinct possibility that the deposition would result in evidence supporting their theory.

If, as the Court concludes, the Sangers recognized that Ahe Ahn's deposition testimony might give them reason to amend their complaint to add a new theory of recovery, the Sangers did

5

not act diligently. At least three options were available to them that could have prevented them from missing the deadline. First, the Sangers could have proposed a deadline for amendments more than two months after the initial case management conference, and explained that they needed sufficient time to investigate a theory they suspected but did not yet feel justified in alleging. Second, the Sangers could have unilaterally noticed Ahe Ahn's deposition before the deadline to amend, rather than two weeks after its expiration. *See* Hurwitz Decl. ¶ 9 (indicating that counsel first served a deposition notice "[o]n May 31, 2019, more than two months after [counsel's] initial request for deposition dates"). Third, the Sangers could have made clear to defense counsel that they believed Ahe Ahn's testimony might support a potential amendment and requested a stipulation to extend the amendment deadline if defense counsel could not ensure that the deposition occurred before the existing deadline.

Instead, the only action that counsel for the Sangers took before the deadline for amendment was to request on three occasions that defense counsel provide potential dates for Ahe Ahn's deposition. *See id.* ¶¶ 5–7 & Exs. A–C. In an email dated May 3, 2019 that appears to be the last relevant communication before the deadline, counsel for the Sangers indicated that they could not take the deposition on May 21, 2019, but that they would "have much more flexibility with dates if the deposition will be held here [in San Francisco]." *Id.* Ex. C. Nothing in that email or any of counsel's other communications indicated that the Sangers wished to take Ahe Ahn's deposition before the amendment deadline, or that they considered the deadline relevant in any way.

A party that had no reason to believe it might uncover grounds for amendment might not reasonably be expected to take the amendment deadline into account in scheduling a deposition, but given the Sangers' apparently understanding of such a possibility—particularly their own argument to that effect two years earlier—the lack of any serious effort to ensure that the deposition occurred before the amendment deadline does not reflect diligence. Because the "party [seeking relief] was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.[3]

---

[3] Although Ninth Circuit precedent requires this Court to decide the motion based on the Sangers' lack of diligence, nothing in this order should be construed as excusing defense counsel's repeated

6

## IV. CONCLUSION

For the reasons discussed above, the Sangers' motion is DENIED. The Court does not reach the parties' remaining arguments.

**IT IS SO ORDERED.**

Dated: September 26, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

failure to provide meaningful responses to requests to schedule his client's deposition.